IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL P. PALLADINETTI, | ) |
| *Petitioner*, | ) ) ) |
| v. | ) No. 22 C 5678 ) |
| UNITED STATES OF AMERICA, | ) Judge Virginia M. Kendall ) |
| *Respondent*. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Carl Palladinetti petitions this Court for a writ of habeas corpus alleging ineffective assistance of counsel in violation of the Sixth Amendment. (Civ. Dkts. 1, 3).[1] Palladinetti, a former attorney, first argues that his trial counsel failed to ensure that he understood the nature and consequences of his stipulation to certain elements of bank fraud. Relatedly, he claims that his stipulation amounted to a guilty plea, and his trial counsel failed to invoke a colloquy. Second, Palladinetti contends that his appellate counsel failed to raise his first argument on appeal. Third, Palladinetti argues that his appellate counsel failed to appeal his restitution calculation. For the following reasons, the Court denies the petition.

**BACKGROUND**

On September 26, 2013, a federal indictment charged Palladinetti, a real estate attorney, with participating in a scheme to fraudulently obtain mortgages. (Cr. Dkt. 2). The indictment included seven counts of bank fraud and five counts of making false statements. (*Id.*). Count I

---

[1] Citations to the record in this civil proceeding appear as "(Civ. Dkt.)," followed by the docket entry number. Citations to the underlying criminal record (No. 13 CR 771-3) appear as "(Cr. Dkt.)," followed by the docket entry number.

1

charged Palladinetti with buying a property in Chicago for his wife pursuant to the fraudulent scheme. (*Id.* at 1–7). Before trial, Palladinetti struck a deal with the government through which he stipulated to most elements of Count I—leaving only the factual issue of whether the Federal Deposit Insurance Company (FDIC) had insured the relevant bank. (Cr. Dkts. 171, 172).[2] In exchange, the government dropped the remaining counts. (Cr. Dkts. 172, 382). Palladinetti also waived his right to a jury trial. (Cr. Dkt. 173). After a bench trial, this Court found Palladinetti guilty on Count I. (Cr. Dkt. 171).

In a motion for new trial, Palladinetti argued that his trial counsel, Gary Ravitz, was ineffective. (Cr. Dkt. 181). Among other arguments, Palladinetti asserted that Ravitz "coerced" him into signing the stipulation; "he did not understand" the stipulation's significance; and the Court did not ensure that the stipulation was knowing and voluntary. (Cr. Dkt. 181 at 2–3). In a two-day evidentiary hearing on the issue, the Court heard testimony from Palladinetti, Ravitz, and Palladinetti's friend. (Cr. Dkts. 213, 214).

The Court denied Palladinetti's motion, rejecting each of his arguments. (Cr. Dkt. 260). Applying the two-step test under *Strickland v. Washington*, 466 U.S. 668 (1984), the Court found that Ravitz provided competent assistance, and his representation did not prejudice Palladinetti. (*Id.* at 13–21). In fact, the record "completely contradict[ed]" Palladinetti's argument that Ravitz had not "sufficiently explained the significance of the relevant stipulation." (*Id.* at 17). Although Ravitz had not read the stipulation to Palladinetti, Ravitz first raised the stipulation with his client about two weeks before trial. (*Id.*) "Ravitz repeatedly sent Palladinetti drafts of the stipulation,

---

[2] To establish bank fraud under 18 U.S.C. § 1344(1), "the government must prove: '(1) there was a scheme to defraud a financial institution; (2) the defendant knowingly executed or attempted to execute the scheme; (3) the defendant acted with the intent to defraud; and (4) the deposits of the financial institution *were insured by the FDIC at the time of the charged offense.*'" *United States v. Ajayi*, 808 F.3d 1113, 1119 (7th Cir. 2015) (quoting *United States v. Parker*, 716 F.3d 999, 1008 (7th Cir.2013)) (emphasis added). Palladinetti believed that the lending entity was not insured by the FDIC at the time of the offense. (Cr. Dkt. 177 at 12).

2

asked him to review it, and asked for his input." (*Id.*) Ravitz also discussed the stipulations with Palladinetti just before trial. (*Id.* at 7). Before signing the stipulations, Palladinetti "made a small change to Stipulation One" and "initialed the change." (*Id.* at 7–8). Since "Palladinetti was a sophisticated client and a licensed attorney," his purported failure to review the stipulation before trial—having had every opportunity to do so—could not be pinned on Ravitz. (*Id.* at 17).

The Court also noted Ravitz's testimony that he believed Palladinetti had understood the stipulation and its consequences based on their communications and Palladinetti's legal background. (*Id.*) Documentary evidence of their attorney-client communications supported Ravitz's belief. (*Id.* at 17–18 (citing Cr. Dkt. 223 at 16–18, 20–21, 24–35, 39–44, 57, 60; Cr. Dkt. 223-1 at 6, 8, 20, 26–28, 37–39, 40–41, 44–45, 48, 50, 53, 57, 60)). And Palladinetti had offered "no evidence to contradict Ravitz's efforts to engage him in the [process of agreeing to the stipulation], other than his testimony that he did not wish to plead guilty." (*Id.* at 18).

Contrary to Palladinetti's contention that his stipulation required a colloquy, the Court explained that "stipulations are different from guilty pleas and jury waivers in that there is no requirement under the Federal Rules of Criminal Procedure for a colloquy to ensure that the defendant understands the stipulation. (*Id.* at 19 (citing Fed. R. Crim. P. 11, 23, and *Seymour v. Dobucki*, 998 F.2d 1016 (7th Cir. 1993))). Since Palladinetti reserved the FDIC issue for trial, "his stipulation was not tantamount to a guilty plea." (*Id.*) Although Palladinetti had the chance to object to the stipulation before trial—and he "conferred with Ravitz before signing the stipulation, and at thirteen other times during the course of trial"—Palladinetti had "never asked Ravitz to object to the stipulation or otherwise brought any hesitation to the Court's attention." (*Id.*)

As to *Strickland*'s prejudice prong, the Court explained that the strategic decisions to proceed on a bench trial and stipulate to certain elements allowed Palladinetti "to argue for a two-

point reduction in his sentencing calculation for acceptance of responsibility, and resulted in the government not pursuing the other counts against him." (*Id.* at 20). Further, "[g]iven the substantial evidence the government had against Palladinetti, and Palladinetti's own fears about a jury potentially judging him more harshly because he was an attorney," the Court found it "probable that the outcome Ravitz negotiated was better than Palladinetti would have received" otherwise. (*Id.*) Palladinetti had offered no evidence of prejudice. (*Id.* at 21). Rather, he had acknowledged that the evidence against him was overwhelming. (*Id.*). Palladinetti received a sentence of 96 months' imprisonment followed by two years of supervised release. (Cr. Dkt. 382).

Palladinetti appealed, challenging only the sufficiency of the evidence behind his conviction. *United States v. Palladinetti*, 16 F.4th 545 (7th Cir. 2021). The Seventh Circuit affirmed, finding the Court's ruling was "supported by more than enough evidence from which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 549. On October 17, 2022, Palladinetti filed this petition to vacate his sentence under 28 U.S.C. § 2255. (Civ. Dkt. 1). Palladinetti argues that his counsel at trial and on appeal were so ineffective as to violate his Sixth Amendment right to counsel. (*Id.* at 9–10).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a person in custody may move the sentencing court to vacate, set aside, or correct a sentence. The Court may grant relief pursuant to § 2255 when "'the sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)). In reviewing a § 2255 petition, the Court may "deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to

4

no relief." *Koons v. United States*, 639 F.3d 348, 355 (7th Cir. 2011) (quoting *Torzala*, 545 F.3d at 525; 28 U.S.C. § 2255(b)).

A defendant's "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *see also Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005) ("[A] defendant never forfeits a claim of ineffective assistance by waiting until collateral attack."). This is true "whether or not there is new counsel and whether or not the basis for the claim is apparent from the trial record." *Massaro*, 538 U.S. at 503–04. If a defendant raises an ineffective-assistance claim on direct appeal, he may forfeit the chance to raise the issue in a later collateral proceeding. *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020) (citing *Peoples*, 403 F.3d at 846). Thus, the Seventh Circuit has "repeatedly warned defendants against bringing ineffective-assistance claims on direct appeal." *Id.* at 457 (collecting cases).

To show constitutionally ineffective counsel, the petitioner must first demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The proper measure of representation "remains simply reasonableness under prevailing professional norms." *Id*. The standard of review is high: "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "[A] counsel's representation 'need not be perfect, indeed not even very good, to be constitutionally adequate.'" *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quoting *McAffee v. Thurmer*, 589 F.3d 353, 355–56 (7th Cir. 2009)). Even if counsel's actions were professionally unreasonable, the petitioner must also show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**DISCUSSION**

Palladinetti argues he received ineffective assistance of counsel on three grounds: (1) his trial counsel failed to ensure that he read and understood the stipulation and, relatedly, failed to invoke a colloquy by advising the Court that the stipulation was functionally a guilty plea; (2) his appellate counsel failed to raise the same issues on appeal; and (3) his appellate counsel failed to challenge the Court's restitution calculation. (Civ. Dkt. 3 at 8–25). An evidentiary hearing is not necessary to the Court's review of Palladinetti's petition for a writ of habeas corpus; the briefs and records are sufficient. *Koons*, 639 F.3d at 354–55. Although Palladinetti did not raise his ineffective-assistance claim on direct appeal, he may raise it now. *Massaro*, 538 U.S. at 508–09.

## I. Ineffective Assistance of Trial Counsel on Stipulation

Palladinetti's arguments with respect to his trial counsel are familiar. (*See* Civ. Dkt. 3 at 8–21). Indeed, this Court rejected the same arguments in denying his motion for new trial. (*See* Cr. Dkt. 260 at 17–21). Palladinetti first contends that Ravitz failed to ensure that his client read and understood the stipulation to some elements of Count I. (Civ. Dkt. 3 at 9). Yet, it remains clear from the record that Ravitz gave Palladinetti every opportunity to review the stipulation before trial. Ravitz sent Palladinetti drafts of the stipulation beginning around two weeks before trial, asking for his review and input. Even if Palladinetti failed to review the stipulation until the day of trial, that failure was his own. By making a small change to the final version of the stipulation before initialing and signing it, Palladinetti indicated his knowing and voluntary agreement. Since Palladinetti was an attorney, his alleged failure to grasp the consequences of the stipulation strains credulity. Rather, Ravitz's testimony and documentary evidence of attorney-client communications suggest that Palladinetti understood the stipulation and its implications. (Cr. Dkt. 260 at 17–18).

6

Also unconvincing is Palladinetti's further contention that Ravitz "fail[ed] to recognize that Palladinetti's stipulated fact statement was effectively a guilty plea," requiring a colloquy. (*See* Civ. Dkt. 7 at 2–3; Civ. Dkt. 3 at 9–10). As this Court has explained, a stipulation—unlike a guilty plea or a jury waiver—does not require a colloquy. (*See* Cr. Ckt. 260 at 19 (citing Fed. R. Crim P. 11, 23, and *Seymour v. Dobucki*, 998 F.2d 1016 (7th Cir. 1993) (holding that it is only "in cases where the defendant stipulates to factual as well as legal guilt, [that] he waives all of the rights that he would waive by pleading guilty, and he must be given the protections of defendants who plead guilty."))).

A district court must "invoke the safeguards for guilty pleas in the context of a stipulated bench trial where 'by stipulation or otherwise a defendant effectively admit[s] his guilt and waive[s] trial on *all* issues.'" *Seymour*, 998 F.2d at 1016 (citing *United States v. Schmidt*, 760 F.2d 828, 834 (7th Cir. 1985), *cert. denied*, 474 U.S. 827 (1985)) (emphasis added). This was not such a case. By reserving the FDIC issue for trial, Palladinetti's stipulation to several elements of Count I did not amount to a guilty plea. *See id.* Although Palladinetti stipulated to his knowing participation in a fraudulent scheme, making his stipulation technically distinguishable from the stipulation at issue in *Seymour*, he "did not waive trial on *all* issues." *See Seymour*, 998 F.2d at 1016.

Contrary to Palladinetti's reading of *Seymour* and *Schmidt*, (Civ. Dkt. 3 at 12–15), the holding in those cases did not hinge on a stipulation leaving the intent element for trial. *Id.* Rather, the "strict prophylactic rules" that accompany a guilty plea help ensure "that the defendant fully understands the consequences of his decision." *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969)); *see also Schmidt*, 760 F.2d at 835 (explaining that the record suggested the defendant's understanding of the stipulation's consequences, and noting "that there is less reason to suspect

7

the voluntariness of waivers of trial rights in the context of a not guilty plea, than where the defendant has actually entered a plea of guilty because there is no reason to suspect that the plea has resulted from coercion or cajolery by the prosecution").

The Court had no cause for concern regarding Palladinetti's comprehension of the stipulation's consequences—particularly considering his legal training. Nor was there any credible evidence of coercion. Again, the Court conducted a colloquy of Palladinetti with respect to his jury trial waiver. (Cr. Dkt. 260 at 19). Palladinetti also had ample opportunity to object or make the Court aware of any hesitation. (*Id.*) He declined to do so. None of Palladinetti's remaining citations suggest that his stipulation amounted to a guilty plea. (*See* Civ. Dkt. 3 at 15–21).[3] Accordingly, Palladinetti has not shown that his trial counsel was ineffective.

Even if Ravitz's representation were deficient, Palladinetti has also failed to show any prejudice. *See Strickland*, 466 U.S. at 694. As this Court previously explained, Ravitz's strategy of proceeding by stipulation was not coercive or otherwise prejudicial. (*See* Cr. Dkt. 260 at 20 (citing *Seymour*, 998 F.2d at 1016)). The stipulation as to Count I allowed Palladinetti to argue for a two-point reduction at sentencing for acceptance of responsibility and led the government to drop the eleven remaining counts. Considering the government's strong case, and Palladinetti's concerns that a jury might judge him harshly because of his background as an attorney, Palladinetti likely fared better than he would have by going to trial on all elements. Palladinetti has acknowledged that the evidence against him was overwhelming. Indeed, after this Court denied

---

[3] In *Julian v. United States*, the Sixth Circuit held that stipulations amounted to a guilty plea where the defendant had "no defense to offer to [his] case." 236 F.2d 155, 157 (6th Cir. 1956) ("It is difficult to see what other facts the attorney could have admitted in order to stipulate away any possible defense."). Similarly, the defendant in *United States ex rel. Potts v. Chrans* "stipulated to a bench trial in which, at best, the court would find him guilty," and his "trial counsel offered no evidence in defense." 700 F. Supp. 1505, 1513–14 (N.D. Ill. 1988). *Dansberry v. Pfister* did not involve any stipulation. *See* 2013 WL 5966974 (N.D. Ill. Nov. 8, 2013). And the Ninth Circuit's holding in *United States v. Miller* cuts against Palladinetti's argument. *See* 588 F.2d 1256, 1263 (9th Cir. 1978) ("[T]he requirements of Rule 11 are 'applicable only to guilty please (or pleas of Nolo contendere) and not to stipulations.'") (internal citation omitted).

Palladinetti's motion for new trial, the Seventh Circuit determined that there was "more than enough evidence" to support his conviction. *See Palladinetti*, 16 F.4th at 549. Thus, Palladinetti has failed on both of *Strickland*'s prongs.

### II. Ineffective Assistance of Appellate Counsel on Stipulation

Palladinetti next argues that his appellate counsel was ineffective in failing to raise the absence of a stipulation-related colloquy on appeal. (Civ. Dkt. 3 at 21–23). *Strickland*'s two-prong test also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 286 (2000). To prove his entitlement to habeas relief, Palladinetti "must show that his appellate counsel overlooked an argument that was both obvious and clearly stronger than issues that appellate counsel did raise." *Winfield v. Dorethy*, 956 F.3d 442, 456 (7th Cir. 2020) (cleaned up). In addition, Palladinetti must show prejudice—meaning that "there is a reasonable probability that raising the issue would have made a difference in the outcome of the appeal." *Ramirez v. Tegels*, 963 F.3d 604, 614 (7th Cir. 2020) (quoting *Howard v. Gamley*, 225 F.3d 784, 791 (7th Cir. 2000)).

Comparing Palladinetti's argument that his stipulation to some elements of Count I required a colloquy—an argument this Court rejected in ruling on the motion for new trial—with his actual challenge to the sufficiency of the evidence on appeal, the former is not "clearly stronger." *See Winfield*, 956 F.3d at 456. As explained above, a stipulation amounts to a guilty plea only when it leaves no legal or factual issues for trial. *See Seymour*, 998 F.2d at 1016; *Schmidt*, 760 F.2d at 834. That was not the case here. Although Palladinetti's actual argument on appeal was not strong, Palladinetti has failed to show that his colloquy argument was any better. Even if Palladinetti's colloquy argument were stronger than his actual argument, Palladinetti has not shown prejudice. It appears unlikely that the Seventh Circuit would have adopted a new rule that

9

a stipulation leaving a significant factual issue for trial amounts to a guilty plea. Palladinetti's argument to the contrary is conclusory. (*See* Civ. Dkt. 3 at 23; Civ. Dkt. 7 at 4).

### III. Ineffective Assistance of Appellate Counsel on Restitution Calculation

Finally, Palladinetti argues that his appellate counsel was ineffective in failing to raise this Court's restitution calculation on appeal. (Civ. Dkt. 3 at 23–25). This argument is not cognizable under § 2255. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (holding § 2255 does not permit restitution challenges since a restitution order does not constitute "custody").

### IV. Certificate of Appealability

Palladinetti has not shown that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Court therefore denies Palladinetti's petition for a writ of habeas corpus. Further, the Court declines to issue a certificate of appealability because Palladinetti failed to make a substantial showing of the denial of a constitutional right, or that reasonable jurists would disagree with the Court's decision on his habeas petition on the grounds of ineffective assistance of counsel. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### CONCLUSION

For the reasons above, Palladinetti's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 [1] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: May 24, 2023